IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Anthony Castro, | ) | C/A No.: 3:23-4501-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SC Elections Commission, | ) | REPORT AND |
| Executive Director Howard M. | ) | RECOMMENDATION |
| Knapp, and Donald J. Trump, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

John Anthony Castro ("Plaintiff") states he "intends to either appear on the 2024 Republican primary ballot in this state or to file documentation to be a formally recognized write-in candidate in both the primary and general elections" and has filed the instant suit seeking "declaratory judgment that Defendant Donald John Trump is disqualified under Section 3 of the 14th Amendment" and injunctive relief "against Defendant South Carolina Elections Commission Executive Director Howard M. Knapp to prevent the acceptance and/or processing of any ballot access documentation of Defendant Donald John Trump for both the primary election and general election." [ECF No. 1 ¶¶ 18–19].[1]

---

[1] Plaintiff has filed the same or similar complaints in multiple other states. *See, e.g., Castro v. Toulouse Oliver*, C/A No. 23-766 KK/GJF, 2023 WL

This matter comes before the court on Plaintiff's motion filed on September 19, 2023, titled "emergency motion for temporary restraining order and expedited preliminary injunction hearing consolidated with a preliminary bench trial on the merits," in which he requests the court enjoin the "South Carolina Elections Commission from accepting . . . Defendant Donald John Trump's declaration of candidacy . . . ." and hold a preliminary injunction hearing, consolidated with a trial on the merits, to take place on or before September 29, 2023. [ECF No. 14 at 1–2].[2]

---

6065304 (D.N.M. Sept. 18, 2023). Plaintiff also previously filed suit against the Federal Election Commission ("FEC"), asking the court in part "to require the FEC to reject Mr. Trump's statement of candidacy on the basis that his alleged involvement in the events of January 6, 2021 . . . ." *Castro v. Fed. Election Comm'n*, No. CV 22-2176 (RC), 2022 WL 17976630, at *2 (D.D.C. Dec. 6, 2022), aff'd, No. 22-5323, 2023 WL 2899541 (D.C. Cir. Apr. 10, 2023). Plaintiff's complaint was dismissed for lack of standing, in addition to other reasons. *See id.*

[2] In full, Plaintiff requests the following injunctive relief:

> Plaintiff John Anthony Castro, pursuant to Fed, R, Civ. P. 65(b), moves this Honorable Court for the entry of a Temporary Restraining Order ("TRO") enjoining Defendant South Carolina Elections Commission from accepting or scheduling an appointment for the acceptance of Defendant Donald John Trump's declaration of candidacy, ballot access fee, petitions in support thereof, and any other ballot access documentation that Defendant Donald John Trump may submit or others, including, but not limited to, the State or National Republican Party, may submit for, on behalf of, or for the benefit of Defendant Donald John Trump to prevent a violation of Section 3 of the 14th Amendment to the United States Constitution.

[ECF No. 14 at 1].

The United States Supreme Court has stated that to obtain a temporary restraining order or a preliminary injunction, a plaintiff must establish: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021). While the standards for issuing a temporary restraining order and a preliminary injunction are the same, the distinction between the two hinges on whether the court issues the order "without notice" in a temporary restraining order pursuant to Fed. R. Civ. P. 65(b) or "with notice" in a preliminary injunction pursuant to Fed. R. Civ. P. 65(a). *Ciena Corp. v. Jarrard*, 203 F.3d 312, 320 (4th Cir. 2000) ("whether an interlocutory injunction entered is labeled a TRO or a preliminary injunction is not of particular moment, so long as the party opposing the injunction is given notice and an opportunity to oppose that is commensurate with the duration of the injunction. Thus, an interlocutory injunction entered without notice may extend only [fourteen] days with a possible [fourteen]-day extension, *see* Fed.R.Civ.P. 65(b), whereas an interlocutory injunction with an unlimited term may be entered only after giving notice sufficient to enable the opposing party to prepare an opposition, *see* Fed.R.Civ.P. 65(a)").

3

In addition to a temporary restraining order, Plaintiff additionally seeks an expedited preliminary injunction hearing to be consolidated with a trial on the merits, as provided by Fed. R. Civ. P. 65(a)(2), (b)(3). These rules provide in part as follows:

(a)    Preliminary Injunction.

(1) Notice. The court may issue a preliminary injunction only on notice to the adverse party.

(2) Consolidating the Hearing with the Trial on the Merits. Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

(b) Temporary Restraining Order.

(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(2) Contents; Expiration. Every temporary restraining order issued without notice must state the date and hour it

was issued; describe the injury and state why it is
irreparable; state why the order was issued without notice;
and be promptly filed in the clerk's office and entered in the
record. The order expires at the time after entry—not to
exceed 14 days—that the court sets, unless before that time
the court, for good cause, extends it for a like period or the
adverse party consents to a longer extension. The reasons
for an extension must be entered in the record.

(3) Expediting the Preliminary-Injunction Hearing. If the
order is issued without notice, the motion for a preliminary
injunction must be set for hearing at the earliest possible
time, taking precedence over all other matters except
hearings on older matters of the same character. At the
hearing, the party who obtained the order must proceed
with the motion; if the party does not, the court must
dissolve the order.

Fed. R. Civ. P. 65.

A temporary restraining order—particularly one granted without notice

to the defendant—is an "emergency procedure and is appropriate only when

the applicant is in need of immediate relief." 11A Charles Wright, Arthur

Miller & Mary Kane, Federal Practice and Procedure § 2951 (2d ed.); *see also*

*Steakhouse, Inc. v. City of Raleigh*, 166 F.3d 634, 637 (4th Cir.1999) ("The

grant of interim [injunctive] relief is an extraordinary remedy involving the

exercise of a very far-reaching power, which is to be applied only in the

limited circumstances which clearly demand it."). "Ex parte temporary

restraining orders are no doubt necessary in certain circumstances, but under

federal law they should be restricted to serving their underlying purpose of

preserving the status quo and preventing irreparable harm just so long as is

5

necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (citations omitted).

Pursuant to Fed. R. Civ. P. 65(b)(1)(A), a temporary restraining order shall not issue in the absence of "specific facts [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party may be heard in opposition." Plaintiff, who states he is a Republican primary candidate for the 2024 Presidential Election, argues his "only remedy" is grant of his motion, providing for a preliminary injunction hearing consolidated with a trial on the merits on or before September 29, 2023, "to permit resolution on appeal as well as certain review by the U.S. Supreme Court prior to the commencement of the State Presidential Primary filing period." [ECF No. 14 at 5–6].

Here, however, Plaintiff has failed to provide specific facts showing immediate and irreparable injury will occur prior to defendants' providing a response in opposition to his motion.

Plaintiff disagrees, arguing first that he is "already suffering irreparable competitive injuries because Defendant Donald John Trump . . . . is siphoning off votes and contributions" from Plaintiff. *Id.* at 6. However, Plaintiff fails to provide any specific facts in support of this allegation or forecast in what way this alleged damage may be impacted by the

6

commencement of South Carolina's presidential primary filing period. Although he may be correct that "votes cannot be redistributed once cast" and "financial contributions cannot be refunded once given," Plaintiff does not indicate what specific votes or contributions have been or will be siphoned off from his campaign during the expediated timeline he has requested. *Id.*[3]

This instance is also unlike those cited by Plaintiff where courts have found violation of a constitutional right to cause irreparable harm. *See, e.g.*, *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.") (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

Plaintiff argues otherwise as follows:

> The United States Constitution conferred onto individuals like Plaintiff John Anthony Castro with the right to not have to politically compete with someone that either engaged in or merely provided aid or comfort to an insurrection or insurrectionists. This is a new constitutional right not previously recognized by the federal judiciary.

[ECF No. 1 ¶ 108, *see also id.* ¶ 8 ("Section 3 of the 14th Amendment created an implied cause of action for a fellow candidate to obtain relief for a political competitive injury by challenging another candidate's constitutional

---

[3] That "Trump is a declared candidate currently courting voters and seeking funds on his campaign website," like Plaintiff [*see* ECF No. 1 ¶ 30], is an inadequate showing of immediate and irreparable injury.

eligibility on the grounds that they engaged in or provided 'aid or comfort' to an insurrection"); ECF No. 14 at 4 (Plaintiff arguing that the "U.S. Constitution bars Defendant Donald John Trump from holding public office," arguing that "it is only logical that [he] be prevented by denying him access to appear on the state ballot and enjoying the state from counting his write-in votes.")].

> Section 3 of the Fourteenth Amendment provides as follows:
>
> No person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

U.S. Const. amend. XIV, § 3. As the Fourth Circuit has held, the violation of constitutional rights "for even minimal periods of time, unquestionably constitutes irreparable harm." *Leaders*, 2 F.4th at 346 (citation omitted).

The court need not resolve this issue at this time, whether section 3 of the Fourteenth Amendment provides Plaintiff with a cause of action against a fellow candidate under these circumstances. Focusing on his request for a temporary restraining order, Plaintiff has failed to show any harm, including any possible constitutional harm, is "neither remote nor speculative, but

8

actual and imminent." *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997) (citation omitted); *see also Siegel v. LePore*, 234 F.3d 1163, 1177 (11th Cir. 2000) (collecting cases and holding presumption of irreparable harm only applicable to invasion of privacy and violation of First Amendment rights); *Pinson v. Pacheco*, 397 F. App'x 488, 492 (10th Cir. 2010) ("We may assume that a constitutional injury is irreparable in the sense that it cannot be adequately redressed by post-trial relief. However, that has no bearing on whether the alleged constitutional injury is imminent. If the possibility of future harm is speculative, the movant has not established that he will suffer irreparable injury . . . if the preliminary injunction is denied . . . .") (citation and emphasis omitted)).

Here, Plaintiff has failed to carry his burden at this time to show immediate and irreparable injury sufficient to justify grant of his motion for temporary restraining order where he has failed to identify a single date or relevant deadline concerning the South Carolina presidential election, or any state's presidential election, and where he has failed to identify how any specific date or relevant deadline may impact any alleged harm.[4]

---

[4] A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record"). In South Carolina, candidates running for President of the United States have two options for gaining ballot access. https://scvotes.gov/candidates/. First, he or she can file with a certified

For similar reasons, the court rejects Plaintiff's argument as speculative that "without a Temporary Restraining Order, this Court would be unable to conduct an expedited preliminary injunction hearing thereby guaranteeing that the issue will be mooted and infringe upon Plaintiff's First Amendment right to petition the federal judiciary to redress his grievance." [ECF No. 14-2 at 2, *see also* ECF No. 14 at 6 ("A denial of this requested relief guarantees the issue will be mooted; thus, it is effectively a final decision under the Collateral-Order Doctrine and appealable under 28 U.S.C. § 129l(a)(l).")].[5]

---

political party to run for that party's nomination. *Id., see also* https://abcnews.go.com/Politics/south-carolina-gop-votes-move-back-2024-primary/story?id=100167365 (reporting Republican candidates must file with the South Carolina Republican Party by October 31, 2023 to gain access to the ballot as a presidential candidate in South Carolina). Second, he or she may file a nominating petition, on or around July 15, 2024. https://scvotes.gov/candidates/. Write-in votes for President of the United States are not allowed. *Id.* The South Carolina Presidential Republican primary is February 24, 2024. *See* https://www.richlandcountysc.gov/Government/Departments/Voter-Registration-Elections/Elections.

[5] Related, Plaintiff also argues as follows:

> This case will involve an inevitable appeal to the United States Court of Appeals for this circuit as well as the United States Supreme Court. Castro cannot wait until both Castro and Trump are state-registered candidates because that would guarantee that the injury would become irreparable, possibly moot the case, possibly transforms the case into a nonjusticiable political question, or expose the Republican Party to irreparable harm as they could lose their party's presumptive or actual nominee after millions of Americans cast their ballots in the primaries. Delaying judicial review of these questions would be a constitutional crisis of the federal judiciary's own making. Castro

In short, Plaintiff fails to provide the court with sufficient reason necessitating a temporary restraining order at this time. *See, e.g., Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) ("While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.'") (citing *Granny Goose Foods*, 415 U.S. at 439)).

Accordingly, the undersigned recommends the district judge deny Plaintiff's emergency motion for temporary restraining order and expedited preliminary injunction hearing consolidated with a preliminary bench trial. [ECF No. 14]. However, the undersigned makes no recommendation as to the merits of Plaintiff's underlying request for injunctive relief, and Plaintiff's

---

implores the federal judiciary to avoid unintentionally engineering a crisis. If the federal judiciary addresses these issues now via the Declaratory Judgments Act and injunctive relief, the Republican Party would have time to recover by funding, supporting, and nominating a constitutionally eligible candidate.
[ECF No. 1 ¶ 45].

request for preliminary injunction, which requires notice to the adverse party, remains unaddressed in this case.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court deny Plaintiff's motion for a temporary restraining order and expedited preliminary injunction hearing consolidated with a preliminary bench trial. [ECF No. 14].

IT IS SO RECOMMENDED.

September 27, 2023                                  Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).