

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO,§<br>Plaintiff,§<br>§<br>vs.§<br>§<br>SC ELECTIONS COMMISSION,§<br>EXECUTIVE DIRECTOR HOWARD M.§<br>KNAPP, SOUTH CAROLINA§<br>REPUBLICAN PARTY, and DONALD JOHN§<br>TRUMP,§<br>Defendants.§ | Civil Action No.: 3:23-4501-MGL |

**ORDER ADOPTING REPORT I,
ADOPTING IN PART AND HOLDING IN ABEYANCE IN PART REPORT II,
DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER
AND EXPEDITED PRELIMINARY INJUNCTION HEARING CONSOLIDATED WITH
A PRELIMINARY BENCH TRIAL**

Plaintiff John Anthony Castro (Castro) filed this action against Defendants SC Elections Commission Executive Director Howard M. Knapp (Knapp), South Carolina Republican Party (Republican Party), and Donald John Trump (Trump) (collectively, Defendants), seeking, as is relevant here, injunctive relief to prevent Knapp from accepting and processing Trump's ballot access documentation (Ballot Claim) and keeping the Republican Party from enforcing the $50,000 fee it charges to be placed on the ballot (Fee Claim).

Of note, there is some debate as to whether Castro named both Knapp and the SC Elections Commission as separate Defendants or a single entity. For the purposes of this order, the Court assumes, without deciding, Castro named a single Defendant, Knapp.

This matter is before the Court for review of two Report and Recommendations of the Magistrate Judge (collectively, the Reports). The first (Report I), recommends the Court deny Castro's motion for a temporary restraining order (TRO) and expedited preliminary injunction hearing consolidated with a preliminary bench trial as to his Ballot Claim (Ballot Claim TRO).

The second (Report II), recommends granting Knapp's motion to dismiss in part, granting Trump's motion to dismiss in full, and deeming as moot Castro's motion for a TRO and expedited preliminary injunction hearing consolidated with a preliminary bench trial as to his filing fee claim (Fee Claim TRO). The Reports were made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed Report I on September 27, 2023. Castro objected to Report I on September 29, 2023. On October 11, 2023, Castro filed a supplement to his objections. On October 13, 2023, Trump replied to Castro's objections.

On November 7, 2023, the Magistrate Judge issued Report II. Castro objected on November 15, 2023. Knapp objected on November 21, 2023. The Republican Party objected on November 24, 2023.

The Court has reviewed the objections. The Court determines resolution of the motions to dismiss are best handled together, and thus holds the portion of Report II addressing Trump's and

Knapp's motions to dismiss in abeyance. The Court will, however, address Castro's Ballot Claim TRO and Fee Claim TRO motions in this order. It has reviewed Castro's objections as to those motions, but holds them to be without merit. It will therefore enter judgment accordingly.

As the Magistrate Judge explained, a TRO is "an extraordinary remedy" never awarded as of right, but "only upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

The purpose of a TRO is to preserve the status quo pending a hearing on a preliminary injunction motion if irreparable harm will occur in the interim. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). To obtain a TRO, the plaintiff therefore must show he will suffer irreparable harm in the relatively brief amount of time it ordinarily would take the Court to resolve a preliminary injunction motion. *Id.* ("While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.'" (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers*, 415 U.S. 423, 439 (1974)).

Preliminary injunctive relief is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Preliminary injunctive should issue only when the plaintiff can "establish [1] that [it is] likely to succeed on the merits, [2] that [it is] likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [its] favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. The

burden is on the party seeking injunctive relief to show it is entitled to the relief. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 443 (1974).

"[A]ll four requirements must be satisfied." *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated and remanded on other grounds*, 559 U.S. 1089 (2010). Thus, even a strong showing of likely success on the merits is inadequate to compensate for failure to show likely injury. *Winter*, 555 U.S. at 21–22. And, irreparable injury alone is insufficient to support equitable relief. *See id.* at 23 (holding irreparable injury was likely to occur, but holding injunctive relief was improper because of the burden on the government and the impact on public interest). In other words, preliminary injunctive relief "shall be granted only if the moving party clearly establishes entitlement." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017).

As to the Ballot Claim TRO, Castro posits he has shown imminent harm because he and Trump appeal to the same voter base, and thus Trump's candidacy costs him donors. Knapp maintains Castro's delay in bringing this suit shows it is nonemergent, and that his lack of campaigning in South Carolina belies harm. Trump insists the harm he fears is merely speculative.

Castro has neglected to proffer any evidence that, were the Court to issue a TRO now, he would receive more contributions or support than he is receiving now. In addition, Castro has failed to allege he is actively campaigning in South Carolina such that injunctive relief in this state would have any impact on him.

And, to the extent Castro argues Trump will siphon voters from him if he remains a candidate, he has failed to show such harm is anything more than speculative, inasmuch as he has failed to show a likelihood that voters who would otherwise vote for Trump would instead choose to vote for him. *See Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997) (denying a preliminary

4

injunction when the plaintiff failed to show harm was "neither remote nor speculative, but actual and imminent.").

Indeed, Castro's delay in bringing this case demonstrates to the Court the relief he seeks is less urgent than he makes it seem.  Although Castro says he "has been actively seeking to declare Trump constitutionally unqualified since early 2022[,]" Complaint ¶ 35, he waited until September 7, 2023, to file this suit.  *See also* Amended Complaint ¶ 41, Second Amended Complaint ¶ 41 (making the same allegation).

The upshot is Castro has failed to carry his heavy burden of showing the Court must take immediate action to avoid irreparable injury before the Court can address a preliminary injunction motion.  *See Hoechst Diafoil Co.*, 174 F.3d at 422 ("[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.'" (quoting *Granny Goose Foods, Inc*, 415 U.S. at 439).  Accordingly, the Court will overrule Castro's objections.

Finally, the Court notes Castro asks, in the event the Court denies a TRO, it convert his motion into a preliminary injunction motion.  For the reasons stated in this order, Castro has failed to show harm sufficient to support a preliminary injunction.  The Court will therefore overrule this objection, as well.

As to Castro's Fee TRO, he clarifies in his objections that, although he initially sent a check to pay the fee, he cancelled the check after a New Hampshire court determined paying the filing fee failed to confer standing in his case in that state.

The Magistrate Judge's observation, however, that Castro "has not alleged his inability to pay, only his unwillingness" continues to undermine his request for preliminary injunctive relief.

Indeed, as Castro has shown he could have paid the fee, but chose to refrain from doing so, this indicates he is unable to show he was in danger of suffering irreparable harm. *See Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994) ("Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable.").

Accordingly, the Court will overrule Castro's objections as to the Fee TRO as well. To the extent Castro seeks the same injunctive relief under his Equal Protection Clause claim, his arguments fail for the same reasons. And, because of Castro's failure to show harm, the Court will also refrain from converting this motion into a preliminary injunction motion, as well.

After a thorough review of the Reports and the record in this case under the standard set forth above, the Court overrules the objections as to the TRO motions and holds in abeyance the other objections. As such, the Court adopts Report I, adopts in part and holds in abeyance in part Report II, and incorporates them herein. Therefore, it is the judgment of the Court Castro's motions for TROs and expedited preliminary injunction hearings consolidated with preliminary bench trials as to his Ballot Claim and Fee Claim are **DENIED**.

**IT IS SO ORDERED**.

Signed this 30th day of January 2024, in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.